# Wheeling.

## AUMANN *v.* BLACK.

### Decided November 22, 1879.

1879
Special Term.

A collector of the city of Wheeling collected and paid to the city $350.00 as water rent, from Smith & Co., a manufacturing company, which had not been assessed by the city council as directed by an ordinance, the said company having been omitted by the city assessor from the separate list which the ordinance required the assessor to make and return to the city clerk to enable the council to assess the water rent. Aumann, who was a judgment creditor of said Smith & Co., suggested the collector and summoned him to answer as garnishee. HELD;

That there was no liability on the collector, Black, which could be reached by suggestion to enforce the *fieri facias* lien as claimed by Aumann.

Writ of error and *supersedeas* to an order ·of the municipal court of Wheeling, rendered on the 10th day of June, 1878, in an action in said court then pending wherein Casper Aumann was plaintiff and George Q. Black was defendant, allowed upon the petition of said Black.

Hon. G. L. Cranmer, judge of the municipal court of Wheeling, rendered the order complained of.

MOORE, JUDGE, furnishes the following statement of the case :

Casper Aumann, a judgment creditor of Smith & Co., suggested a liability by virtue of his writ of *fieri facias* on George Q. Black.

Black's answer to the suggestion is as follows : " That on the date of the service of the above suggestion, March 25, 1878, he was not, as he verily believes, indebted to the defendants in any sum whatsoever, and that he has not since that time been indebted to said defendants. On July 17, 1877, he was collector of water rents for the city of Wheeling, and on that day, as such officer, received from said Smith & Co. $350.00 in full for water rents due from them for the year ending April 1, 1877 ; and that he paid the said sum of money as water rent collected over to the city of Wheeling in October, 1877. It was assessed on July 17, 1877, at the same time it was paid to him. It was reported to the city council as a collection. No report was made of it as an assessment. Smith & Co. were a corporation and manufacturers in the fourth ward of the city of Wheeling, and used the water supplied by the city during the year ending April 1, 1877, but they are wholly omitted from the assessment list of water rents for that year, and deponent included them in supplementary list mentioned in §4, ch. 11 of the city of Wheeling ordinances. See p. 150. On deponent as city collector of water rents threatening to make a levy for same, Smith & Co. paid the $350.00. They had been requested to pay it a number of times before by me, being the amount which had been determined upon by me as such officer. The said $350.00 was not entered as an assessment on any book ; there was only an entry of it when collected ; it was never reported to the city clerk. At the same time that the said summons was served upon me, copies of two other summons were served upon deponent, which copies are herewith filed and asked to be read as a part of this affidavit, marked, respectively, defendant's exhibit " B " and defendant's exhibit " C." Smith & Co. paid the $350.00 under the representation by deponent and understanding that it had been assessed against them as water rent due the city of Wheeling for the year ending April 1, 1877. $904.51 was the whole sum of the supplementary assessments for

1876, which included the said $350.00, and was paid by deponent to the city of Wheeling in October, 1877. Deponent left itemized statement of the $904.51 on the table when he reported to the committee; don't know who got it. Deponent is unable to state the other items composing the $904.51 from recollection, and after examination of his books and papers finds he cannot do so, because he finds the data are not in existence. The entry of $350.00 is on deponent's cash book; he is unable to separate it from the others, is the difficulty found. There have been such data, but deponent don't know that there are any in existence now. He has been unable to find them, and don't know how they ceased to exist; suppose they must have got lost in cleaning out his office for the business of 1877; don't remember of seeing them since he made up his settlement — made up the list. The $904.51 list was made up by selecting from general entries made by deponent's collectors when they went around. They were memoranda made to keep his collectors straight. The general entries of these memoranda are in deponent's office. He cannot furnish the items because he has not got the data. Deponent cannot by comparing the collection with the regular and special assessments, ascertain what sums were received by him on account of supplementary assessments. Deponent tried to make them do so but was unable to get the result he wanted. He kept several accounts—kept them all together as simply as he could. As to certain payments made in 1876, deponent cannot tell whether they were paid for water rent, city taxes or school taxes, but when a man paid $100.00, for instance, part for water rent, part for school taxes and part for city taxes, it was not his habit to enter it in bulk."

The court entered the following order, June 10, 1878:

"This day came as well the plaintiff, by his attorney, as the said George Q. Black, and the said Black being examined under oath under said suggestion, his examination being reduced to writing and sworn to by said

Black, is now filed, and it appearing thereby to the court that there is a liability on the said George Q. Black for the sum of $350.00, with interest to this date, aggregating $368.55, but it further appearing that other executions against Smith & Co. have issued, one in favor of Michael Heimiller for $162.26, with interest from February 18, 1878, and costs, $22.90, and another in favor of August F. Meyers for $173.98, with interest from February 18, 1878, and costs, $18.05, which executions are liens upon said liability of equal priority with said Aumann's and should be satisfied *pro rata* with it, it is by the court ordered that said George Q. Black do pay to the Sergeant of the city of Wheeling, who holds the said Aumann's execution, the sum of $150.58, being the *pro rata* share of the said sum of $368.55 to which the plaintiff is entitled, and leave is given to issue execution on this order.

" Upon the hearing of this matter reference was made, by consent of the parties, to the printed book of ordinances of the city of Wheeling, and particularly to to the following named chapters, sections and pages thereof: Ch. 2, §3, pp. 128-129 ; ch. 48. §1, p. 240; ch. 7, §40, p. 142; ch. 11, §4, p. 150 ; §5, p. 35 and §28, p. 18. And the defendant, George Q. Black, excepted to the finding and judgment of the court, and tendered his bill of exceptions thereto, and prayed that the same may be signed and sealed by the court and made a part of the record herein, which is accordingly done."

To that order Black obtained a writ of error and *supersedeas*, from this court.

*Caldwell & Caldwell*, for plaintiff in error, cited the following authorities:

Reporter of February 26, 1879 ; 5 Reporter 681 ; Sedgwick Const. & Stat. Law (1857) 32, 33, 34 ; Cooley Tax. 565, 566.

*William P. Hubbard*, for defendant in error, cited the following authorities.

Cooley Tax. 258, 260 ; 29 Mich. 59, 60 ; *Id.* 504 ; Cooley Tax. 562, 563 ; *Id.* 553, 554 ; Burroughs Tax. 246, 252 ; *Id.* 262-265 ; 15 N. Y. 316 ; 53 N. Y. 49 ; 1 Ohio St. 153 ; 57 N. Y. 402 ; 61 N. Y. 261 ; 43 Me. 497 ; 37 Mo. 280 ; 58 N. Y. 85 ; 49 N. Y. 343 ; *Id.* 349 ; 61 Me. 391 ; Dill. Mun. Corp. §610 ; *Id.* §§60, 618 ; Cooley Tax. 418 ; *Id.* 464 ; 59 Barb. 159 ; 12 Wall. 290 ; Burroughs Tax. 265, 266, 439 ; Cooley Tax. 569 ; 51 Miss. 27 ; 52 Mo. 306 ; 53 Mo. 17 ; 10 Pet. 154 ; 4 Cow. 454 ; 37 Tex. 484, 588.

MOORE, JUDGE, delivered the opinion of the Court :

From the view I take of this case it is immaterial to decide whether the sum assessed and collected off of Smith & Co. by collector Black, was or was not a *tax.* It does not, however, seem to me to come within the meaning or legal acceptation of the term tax. It appears to be a local assessment for the use of the water from water-works of Wheeling, designated in the statute of May 28, 1852, as *"water rent"* and in all the ordinances of the city it is styled *water rent,* except two of the ordinances mentioning it as *"water rent or tax."* But whether it be a *rent* or *tax,* it is to be assessed upon the person using the water by virtue and in pursuance of the ordinance of said city of Wheeling, and by the 5th section of said statute, if the person so assessed *"shall fail, neglect, or refuse to pay the same to the officer appointed to collect and receive the same within thirty days after the same shall have become due and payable, the said officer shall have the same power and authority to collect the said water rents as are conferred upon sheriffs for the collection of the State and county taxes,"* &c. Therefore this is simply a charge for the use of water furnished persons by the city, and is therefore not an ordinary tax, the consideration for the charge being the water supplied by the city to the persons using it, and for the collection of which the said statute of 1852 gives the additional summary remedy, where the amount of the charge has been assessed by the city council. Where, however, by the fraud, mistake or omission of the city officer or

97

officers whose duty it is to make the separate list of all manufacturers using or receiving the water, &c., no assessment is made by the council of the water rent, or charge, there can be no distraint; but the party receiving and using the water, who has been thus omitted, is justly liable to pay to the city what the use of the water received and used by him is reasonably worth, and the city could maintain its action therefor. It would be strange, indeed, that the city should be barred from the right to recover from those who received and used the water thus furnished by the city, by the fraud, mistake or omission of the subordinate officers of the city. If the charge for the use of the water thus furnished was simply a tax, it might be otherwise; but as the charge is for value received, its right to receive must be as we have stated. Therefore, although the assessment, in this case, by the collector was, perhaps, irregular and unauthorized, still it may be regarded as an ascertainment by the collector of the city of the amount due the city, in his judgment, from said Smith & Co., for the use of the water furnished said Smith & Co. by the city; and the payment by said Smith & Co. for such use. Whether said estimation was too much or too little, we cannot determine in this case. That is a matter between said Smith & Co. and said city. The collector Black, in his answer, says that he received and paid to the city the $350.00 estimated by him to be due the city from Smith & Co. for the use of the water furnished by the city for the time mentioned in his answer. For the purposes of this case, as it is presented to us by the record, we must take said answer, as to the matters of fact therein stated, to be true.

Therefore as it appears, from said answer, that the said firm of Smith & Co. was justly due to the city, at the time said payment was made to collector Black, the amount he collected from them and paid to the city, for the use of the water furnished them, there was no liability on the collector which could be reached by suggestion to enforce the *fieri facias* lien as claimed by the plaintiff, and the

judgment of the municipal court against him should be reversed, with costs, and the suggestion dismissed, at the costs of the plaintiff in the suggestion. And this court proceeding to render such judgment as the municipal court ought to have rendered doth dismiss the said suggestion at the costs of the plaintiff.

1879
Special Term.

Aumann
v.
Black.

THE OTHER JUDGES CONCURRED.

JUDGMENT REVERSED.